IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAWRENCE STOKES | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THE HOME DEPOT U.S.A., INC. | : | NO.  06-1684 |

**MEMORANDUM AND ORDER**

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE                                    May 29, 2007

This action stems from Plaintiff's arrest for retail theft on April 21, 2005 in the Home Depot Store located at 2200 Oregon Avenue in Philadelphia.  Plaintiff alleges in the Complaint in this case that certain employees of Home Depot had him arrested for attempting to shoplift a cart of drywall.  According to the Plaintiff, on April 20, 2005, he made several purchases at Home Depot, but was unable to transport them from the store, due to their size.  He returned the next day and was arrested while attempting to remove a cartload of drywall, for which he had previously paid.  Plaintiff now brings this suit for defamation, false imprisonment, malicious prosecution, intentional infliction of emotional distress, conspiracy to commit fraud, and breach of contract.

Currently pending is Plaintiff's Motion in Limine to preclude evidence of prior arrests.  Plaintiff argues that "the fact that Plaintiff has been charged with assault and other offenses and subsequently had charges dropped or was found not guilty" is not relevant and would be unduly prejudicial.  We agree that evidence of prior arrests which did not result in convictions are not admissible pursuant to Rule 608(b) and will grant Plaintiff's motion to that extent.

However, according to Defendant, several of Plaintiff's arrests have resulted in felony convictions during the past ten years.  Pursuant to the information provided by Defendants, these convictions, which all occurred within the past ten years, would be admissible for the purpose of

impeachment under Rule 609(a)(1) or (a)(2), as they either required proof of an act of dishonesty or false statement by Plaintiff or resulted in imprisonment in excess of one year and the probative value outweighs the prejudicial effect to the plaintiff.

According to Defendant, Plaintiff was convicted of one count of Financial Transaction Card Theft and one count of Obstruction of Officers in Dekalb County, Georgia in February of 1999. They also alleged that in December of 2001, he was convicted of Forgery in Gloucester County, New Jersey.  Defendant argues that since these are crimes of dishonesty, the convictions must be permitted for impeachment purposes.  Fed. R. Evid. 609(a)(2).  We agree.  We will not, however, allow evidence of the convictions to be used either as substantive evidence that Plaintiff, in fact, stole merchandise from Home Depot, or that Defendant had probable cause to believe he was stealing merchandise, and will instruct the jury accordingly.

Defendant also asserts that in August of 2001, Plaintiff was convicted of Trafficking in Cocaine, Possession with Intent to Deliver a Narcotic Schedule II Controlled Substance, and Use of a Vehicle for Keeping Controlled Substances, in New Castle County, Delaware, which resulted in him being sentenced to six years imprisonment, the first three of which required mandatory incarceration.  Pursuant to Rule 609(a)(1), this conviction may also be used for impeachment purposes as long as its probative value outweighs any prejudicial effect.  According to Defendant, it was this conviction which resulted in Plaintiff being under the supervision of the Pennsylvania Board of Probation and Parole at the time of his arrest.  When Plaintiff appeared before the Philadelphia Bail Commissioner on April 22, 2005 for the retail theft, he was allowed to sign his own bond and was scheduled for a status hearing on June 6, 2005.  However, he was not released because the Pennsylvania Board of Probation and Parole forwarded a parole warrant to the Philadelphia Police Department to act as a detainer, which resulted in Plaintiff's incarceration

pending the disposition of the retail theft charges.  Defendant asserts that evidence of this conviction will actually assist the jurors in understanding the circumstances which led to Plaintiff's lengthy incarceration following his arrest for the relatively minor crime of retail theft.  We agree that, under these circumstances, the probative value of this evidence outweighs its prejudicial effect to the plaintiff, especially given the limiting instruction we shall give to the jury.  We therefore will allow the admission of this conviction, as well.

For the above reasons, plaintiff's motion is granted to the extent that evidence of prior arrests which did not result in convictions will not be admitted.  However, evidence of the convictions mentioned in Defendant's reply will be admissible for the purpose of impeachment.  To the extent plaintiff disputes that any of these convictions actually occurred, we will require proof from the defendant, outside of the presence of the jury.

An appropriate order follows:

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LAWRENCE STOKES            :    CIVIL ACTION
                                      :
       v.                         :
                                      :
THE HOME DEPOT U.S.A., INC.       :    NO.  06-1684

O R D E R

AND NOW, this 29th day of May, 2007, after consideration of Plaintiff's Motion in Limine and Defendant's response thereto, it is hereby ORDERED  that Plaintiff's Motion in Limine is GRANTED to the extent that evidence of prior arrests which did not result in convictions will not be admitted.  However, evidence of the convictions discussed by Defendant in its reply will be admissible for the purpose of impeachment.

BY THE COURT:

/s/Jacob P. Hart

_____

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE